**COMMISSIONER OF INTERNAL REVENUE v. PORTER et al.**

**No. 14.**

Circuit Court of Appeals, Second Circuit.

Nov. 1, 1937.

For opinion below, see 34 B.T.A. 798.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Alexander Tucker, Sp. Assts. to the Atty. Gen., for petitioner.

Ansley Wilcox, 2d, of Niagara Falls, N. Y., for respondents.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents a question as to the meaning and applicability of section 303 (a) (1) of the Revenue Act of 1926 (44 Stat. 72), as amended by the Revenue Act of 1932, § 805 (47 Stat. 280), which permits to be deducted from the gross estate in computing the net taxable estate claims against the estate founded upon a promise or agreement "to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth."

For several years prior to his death on November 29, 1932, Alexander J. Porter had guaranteed in various amounts loans made to his son-in-law by a bank. The son-in-law had deposited with the bank collateral whose value originally exceeded the amount of the loans to him, but in October, 1931, when the decedent increased his guaranties from $45,000 to $75,000, the collateral had depreciated so that it was worth about $50,000 less than the loans, which then amounted to some $120,000. On the date of the guarantor's death the indebtedness of the son-in-law to the bank was about $124,000. After foreclosing the collateral, the bank called upon the guarantor's executors to make good the guaranty, and they paid the bank $75,000 in satisfaction thereof. This payment was subsequently approved by the surrogate's court. The executors have been unable to obtain from the son-in-law satisfaction of any part of the payment. In their estate tax return they deducted it from the gross estate. The Commissioner, however, disallowed the deduction on the ground that Porter did not receive for the contract of guaranty "adequate and full consideration in money or money's worth." This resulted in a deficiency tax which the Board set aside, holding that the sum paid in satisfaction of the guaranty was a proper deduction under the above-quoted words of the statute.

The Commissioner asks us to construe section 303 (a) (1) as though the words "adequate and full consideration in money or money's worth" were followed by the phrase "received therefor by the decedent." Such a construction has been several times rejected both by the courts and by the Board of Tax Appeals in cases involving guaranties. Carney v. Benz, 90 F.(2d) 747 (C.C.A.1); United States v. Mitchell, 74 F.(2d) 571 (C.C.A.7); Porter v. Commissioner, 60 F.(2d) 673, 675 (C.C.A.2), dictum; Eckhart v. Commissioner, 33 B.T.A. 426.

We agree that not all valid claims against an estate are deductible for estate tax purposes. Congress added an additional requirement by the words "full consideration in money or money's worth." Hence this court has held that charitable pledges, though they may be valid contracts, are not within this clause. Porter v. Commissioner, supra; Bretzfelder v. Commissioner (C.C.A.2) 86 F.(2d) 713. See, in accord, Glaser v. Commissioner,

69 F.(2d) 254 (C.C.A.8). Compare Commissoner v. Bryn Mawr Trust Company, 87 F.(2d) 607 (C.C.A.3); Wade v. Commissioner, 21 B.T.A. 339. The purpose of the phrase under discussion was, in our opinion, to prevent a man from diminishing his taxable estate by creating obligations not meant correspondingly to increase it but intended as gifts or a means of distributing it after his death. See Latty v. Commissioner, 62 F.(2d) 952 (C.C.A.6). Thus, if a guarantor reserve no recourse over against the principal in the transaction, the guaranty would be in substance a gift; as we pointed out in the Porter Case, supra. But the present record does not disclose a transaction of that character. There is no evidence that the decedent surrendered his right of subrogation to the pledged collateral or his right to seek reimbursement from other property of his son-in-law should the guaranty be called. It is true that in October, 1931, when the guaranty was increased by $30,000, the collateral was $50,000 short of the loans, and that, as stipulated, the right of subrogation at the guarantor's death and at all times since was valueless. But the stipulation does not say that, when the guaranty was given, the son-in-law was insolvent or that the guarantor had no reasonable expectation of reimbursement if he should be called upon to pay. So far as appears, it was an ordinary business transaction by which an accommodation guarantor, if required to pay, would acquire rights equal in value to the obligations he had assumed. The Board rightly held the claim deductible.

Order affirmed.