## McCOY et al. v. RASQUIN, Collector of Internal Revenue.

### No. 270.

Circuit Court of Appeals, Second Circuit.
March 6, 1939.

James W. Morris, Asst. Atty. Gen., Sewall Key and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Vine H. Smith, U. S. Atty., and J. Wolfe Chassen, Asst. U. S. Atty., both of Brooklyn, N. Y., for appellant.

Conroy & Hardy, of Brooklyn, N. Y. (Gardiner Conroy and Reginald S. Hardy, both of Brooklyn, N. Y., of counsel), for appellees.

Before AUGUSTUS N. HAND and CHASE, Circuit Judges, and PATTERSON, District Judge.

PER CURIAM.

Alice C. McCoy, the plaintiffs' testatrix, died on July 27, 1932, leaving a will which was admitted to probate by the Surrogate of Kings County, whereby she appointed her children William D. McCoy and Ann McCoy Winters executors. The executors filed a federal estate tax return and paid the tax assessed thereupon by the Commissioner. Thereafter they filed a claim for refund based so far as this appeal is concerned on the contention that the Commissioner should have allowed a deduction of $125,000 in assessing the estate of the decedent. The claimed deduction was based upon a written guaranty of the testatrix and her son William furnished to National City Bank and covering loans made by the bank to the Borough Asphalt Company to secure which the testatrix had pledged mortgages belonging to her of the total face value of $238,875. At the time of her death the guaranteed debt of the Borough Asphalt Company to the bank was $250,000. Her executors paid this amount to the bank and sought reimbursement thereof from the debtor and for contribution of one-half from William D. McCoy. No part of the $250,000 was paid to the bank directly or indirectly by the primary debtor, or by William D. McCoy, the other person contingently liable. On March 28, 1936, William D. McCoy offered to pay the sum of $125,000 in full settlement of the liability of himself and the Borough Asphalt Company to the estate. His sister Ann McCoy Winters, as one of the executors, instituted a proceeding pursuant to the Surrogate's Court Act, Section 213, in the Surrogate's Court of the County of Kings, for authorization to accept the offer and to compromise the claim on that basis. A decree authorizing this compromise was entered on April 29, 1936, and in accordance with its terms McCoy delivered to the appellees his negotiable promissory note in the sum of $125,000 payable on March 27, 1946, bearing interest at the rate of four per cent per annum payable semi-annually and also transferred substantial property as collateral to secure the payment of his note. At the time of the trial he had paid all interest which had become due up to that time and had also paid $2,500 on account of the principal. The net loss sustained by the estate through the compromise was $125,000. The right to deduct this loss from the gross estate having been denied by the Commissioner, the present action was brought to recover the portion of the taxes due to the refusal to allow the deduction. The trial court held that the deduction should have been allowed and directed judgment for the executors of the estate to the amount of $13,850.25 accordingly.

The evidence submitted by the executors in support of the compromise satisfied the Surrogate that the amount offered in settlement was all the claim against the Borough Asphalt Company as principal, and against William D. McCoy as co-guarantor was worth. It seems to us also that the proof before the Surrogate was adequate and that under Article 30 of Treasury Regulations 80 (1934 Edition) the Collector had the duty of going forward with evidence to meet the prima facie case made by the order authorizing the compromise. The assets of the Borough Asphalt Company consisted of heavily mortgaged real estate, some Mack trucks, a plant on leased property and receivables of the face value of $58,000 principally due to the company from a subsidiary. It is not at all unlike-

ly if the claim of $250,000 and $6,000 representing further indebtedness had been enforced against the corporation in 1932 at the time when the testatrix died, that the executors would have been able to realize but a small fraction of $234,500, the apparent value of the assets. The same thing would have been true as to the claim for one-half of any difference against the son as co-guarantor. We think that the order of the Surrogate was justified and furnished a proper guide as to the amount to be allowed as a deduction in computing the tax.

In Commissioner v. Porter, 2 Cir., 92 F.2d 426, a decedent had guaranteed loans made by a bank to his son-in-law. On the date of the guarantor's death the son-in-law's indebtedness was approximately $124,000. After realizing upon the collateral posted by the debtor the bank called on the decedent's estate to make good the deficiency. The Commissioner disallowed the deduction on the ground that the decedent had not received "adequate and full consideration in money or money's worth" for the contract of guaranty. We held that the amount paid by the estate was a proper deduction for estate tax purposes.

It is argued that the case at bar differs from that of Commissioner v. Porter, supra, because the guaranty there was an accommodation to the decedent's son-in-law·who was not a beneficiary of the decedent's estate, whereas in this case there was a provision in the decedent's will that any loss occasioned to her estate by meeting the guaranty was to be deducted from the share of her son William D. McCoy· and should not come out of the portion bequeathed to her daughter Ann McCoy Winters. We cannot see that the provision in the will of Mrs. McCoy that the loss by reason of the guaranty should come out of the son's share matters at all. The primary debtor was not the son, but a corporation in which he and the decedent were both interested. While he was the president and the largest stockholder of the company, there is no reason to go behind the corporate entity or to find that the object of the compromise was tax evasion.

We think that the deduction was properly allowed in the court below and that the judgment for the recovery of the over-assessment was correct.

Judgment affirmed.