## CHASE NAT. BANK OF CITY OF NEW YORK v. HIGGINS, Collector of Internal Revenue.

District Court, S. D. New York.
May 29, 1941.

De Forest & Elder, of New York City (Frederick M. Schlater and Joseph V. Lane, Jr., both of New York City, of counsel), for plaintiff.

Mathias F. Correa, U. S. Atty., of New York City (William F. Young, Asst. U. S. Atty., of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit to recover federal estate taxes of $5,875.46 alleged to have been wrongfully collected by the defendant. The facts are not in dispute, and the only question presented is whether a claim based on a charitable pledge is deductible from the gross estate in determining the amount of the taxes.

The plaintiff is the executor of the estate of Susan D. Griffith, who died on September 26, 1938, leaving a substantial estate, which is being administered in the Surrogate's Court of New York County. Under her will, the decedent gave her entire residuary estate to the Presbyterian Hospital, a charitable institution in New York City.

In the estate tax return filed by the plaintiff, a deduction of $45,589.17 was claimed on account of a debt owing to Skidmore College, an educational institution, arising out of a pledge agreement executed by the decedent shortly before her death. The deduction was disallowed by the commissioner, and a resulting additional tax of $5,875.46 was assessed against the estate, which the plaintiff paid on November 28, 1939. Claim for refund was thereafter filed by the plaintiff, and rejected.

The pledge agreement between the decedent and the college is dated April 21, 1938, and recites that Margarette E. Griffith, a sister of the decedent, made during her lifetime certain gifts to the college, after which a building was named Griffith Hall; that an extension to the building was later added, and arrangements were made for the installation of equipment; and that the decedent was desirous of establishing a fund to provide for the maintenance of such equipment. The agreement then provides that the decedent will pay the college $50,-000, "such payment or any part thereof to be made at any time that the party of the first part (the decedent) elects, it being understood and agreed that the party of the first part shall be under no obligation to make such payment or any part thereof during her lifetime, and that such payment or any part thereof not made during the lifetime of the party of the first part shall be an obligation of the estate of the party of the first part and shall be made by her executor or administrator". There is a further provision that the decedent will pay during her lifetime interest at 3% per annum from the date of the agreement on the amount of the pledge or any part remaining unpaid.

The balance of the agreement contains covenants on the part of the college as follows: (1) To change the name of Griffith Hall to "Margarette E. Griffith Hall"; (2) that the college will "at no time hereafter receive any other or further gifts from any person or corporation" other than the decedent "designated specifically by such donor for use in connection with the mainte-

nance of the equipment of the said Margarette E. Griffith Hall"; and (3) that if the Hall should be damaged or destroyed "by fire, earthquake or any other cause", the college will use the special fund resulting from the pledge for the repair or reconstruction of the Hall or for purposes similar to the purpose set forth in the agreement.

At the time of the death of the decedent, there was unpaid on the pledge the sum of $45,000, with accrued interest to September 26, 1938, amounting to $589.17, or a total of $45,589.17. This amount was paid in full to the college on April 5, 1939. The plaintiff now concedes that the commissioner was right in refusing to allow the deduction of the interest item of $589.17; the only remaining controversy, therefore, is over the deductibility of the item of $45,000.

■ 1. The plaintiff first contends that the claim was deductible under Section 303 (a) (1) of the 1926 Revenue Act, as amended by the 1934 Revenue Act, 26 U.S.C.A. Int.Rev.Acts, page 232. This section authorized the deduction from the gross estate of claims against the estate "to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth". The claim of the college was not for a debt contracted "for an adequate and full consideration in money or money's worth" within the meaning of this statute. Taft v. Commissioner, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393, 116 A.L.R. 346; Commissioner v. Porter, 2 Cir., 92 F.2d 426. There is clearly nothing in the agreement to change the name of the Hall to Margarette E. Griffith Hall which responds to this language. Nor is the covenant not to receive "any other or further gifts from any person or corporation" other than the decedent *designated specifically by such donor* for use in connection with the maintenance of the equipment" of the Hall, adequate and full consideration in money or money's worth. It can hardly be maintained that there is any detriment of substance in such a covenant, but certainly it does not provide the consideration required by the statute. The same is true of the covenant with respect to the use of the special fund in the event that the Hall should be damaged or destroyed "by fire, earthquake or any other cause".

■ 2. The plaintiff next insists that the gift to the college was testamentary,

and, therefore, deductible as a transfer to an educational institution under Section 303(a) (3) of the 1926 Revenue Act, as amended by the 1932 and 1934 Revenue Acts, 26 U.S.C.A. Int.Rev.Acts, page 235. This section allows deductions from the gross estate of "The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for * * * educational purposes * * *". In the present case, the amount paid to the college was not pursuant to any provision of the decedent's will; it was not, therefore, deductible as a bequest, legacy or devise. Neither was it a transfer. It was merely a promise to transfer something in the future. The case is no different from that of Taft v. Commissioner, supra, even though the decedent in the present case was under no obligation to make good the pledge during her lifetime. What Mr. Justice Roberts was referring to at page 358 of 304 U.S., at page 895 of 58 S.Ct., 82 L.Ed. 1393, 116 A.L.R. 346 of the opinion in the Taft case was a transfer "in contemplation of or intended to take effect in possession or enjoyment at or after * * * death". The promise of the decedent to pay the amount of the pledge was not a "transfer" at all, much less one "in contemplation of or intended to take effect in possession or enjoyment at or after * * * death".

■ 3. The final contention of the plaintiff is that the claim of the college should not have been deducted from the gross estate in determining the amount of the residuary estate which passed to the Presbyterian Hospital. The argument seems to be that some kind of a vicarious exemption should be allowed on the theory that if the $45,000 had not been paid to the college, it would have gone into the residue and increased the charitable deduction based on the bequest to the Presbyterian Hospital. The answer is that the Skidmore claim was paid by the plaintiff as an enforceable claim against the estate; it thus reduced to that extent the amount of the residuary estate which went to the Presbyterian Hospital. The Presbyterian Hospital neither received, nor was it entitled to, the $45,000 paid on the claim, and it is idle to speculate on what would have happened if different facts had been presented.

There may be a judgment for the defendant dismissing the complaint, with costs.