Lazar Estate.

Argued November 25, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused March 13, 1970.

*Joseph J. Brown,* for appellant.

*Francis J. Gafford,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, January 30, 1970:

In this action we are called upon to decide whether the payment of $150,000 in compromise of a disputed claim is a taxable transfer under the Inheritance and Estate Tax Act of 1961, P. L. 373, Art. VI, 72 P.S. §2485-632.

The relevant facts are as follows. Decedent, Lena G. Lazar (Lena) and Milton C. Lazar (Milton) were married in 1903 and remained married and without issue until his death on September 4, 1947. By written agreement dated May 18, 1947 Milton agreed to main-

tain as his last will and testament his then existing will which bequeathed his entire estate to Lena, and in consideration of such promise, Lena agreed to bequeath three-fourths of the estate which she owned at the time of her death to certain relatives of Milton and to their issue, per stirpes. In explanation of such action, the agreement stated that Milton had received a substantial portion of his existing estate from his parents, that he desired Lena to have entire ownership of the income and principal during her lifetime, and that whatever was left should be returned to Milton's family line.

Milton's will did bequeath his entire estate to Lena. At the time of his death, the value of assets owned jointly by Milton and Lena had an approximate value of $260,000 while the value of assets owned by Milton individually was approximately $1900. As of January 22, 1965, the date of Lena's death, the value of her estate, including the assets of a trust created by her on February 14, 1963, was approximately $786,000. (In the 1947 agreement decedent agreed not to make gifts from the inheritance except normal charitable gifts and gifts to family members in case of financial emergency).

Decedent's last will, dated January 18, 1963, made no bequest to any of the proposed beneficiaries designated in the 1947 agreement with the exception of two who were each bequeathed $25,000. The will further provided for the annulment and revocation of the bequest to any beneficiary who sought to enforce the 1947 agreement. Lena's executor, appellant, took the position that the 1947 agreement was invalid and unenforceable because of the failure of the actual intended consideration and that any claim based on the agreement would cause the forfeiture of any bequest to the claimant. Counsel for all of Milton's then living designees contended that the 1947 agreement was valid and en-

forceable and that said designees were creditors of the estate to the extent of $546,000, three-fourths of the total. Protracted negotiations and litigation involving the validity of the agreement were terminated by stipulation under which $150,000 was paid to counsel for the claimants in full settlement of all their claims.

Thereafter, appellant claimed as a deduction, for inheritance tax purposes, in Lena's estate the compromised claim of $150,000 which was disallowed by the Commonwealth. The court below sustained the disallowance of the claimed deduction on the basis of Sections 632 and 662 of the Inheritance Tax Statute.[1]

It is axiomatic that only those deductions which the Inheritance Tax Act itself specified can be allowed. In Section 601 it states, "[t]he only deductions from the value of the property transferred shall be those set forth in this Article." Section 631 says "[a]ll liabilities of the decedent shall be deductible, subject to the limitations hereinafter set forth." Section 632 represents one of those limitations and states: "Except as otherwise provided in sections 638 and 639 [not relevant to this action], the deductions hereinafter set forth for indebtedness of the decedent, when founded upon a promise or agreement, shall be limited to the extent that it was contracted bona fide and for an adequate and full consideration in money or money's worth." The purpose of this section and the similar provisions of the federal estate tax law, 26 U.S.C.A. §2053(c), is to prevent the depletion of a decedent's taxable estate by the creation of indebtedness intended as a substitute for a taxable bequest. "The purpose

---

[1] We agree with appellant that Section 662 which denies a deduction for a claim by a spouse or others under an agreement insofar as the claim arises in consideration of a relinquishment of marital or support rights is not relevant to this action. That is because the 1947 agreement nowhere indicates that relinquishment of marital or support rights played any role as consideration.

of the phrase under discussion was, in our opinion, to prevent a man from diminishing his taxable estate by creating obligations not meant correspondingly to increase it but intended as gifts or a means of distributing it after his death." *Commissioner v. Porter*, 92 F. 2d 426, 428 (2d Cir. 1937). "Absent such an offset or augmentation of the estate, a testator could disguise transfers as payments in settlement of debts and claims and thus obtain deductions for transmitting gifts." *United States. v. Stapf*, 375 U.S. 118, 131 (1963).

It is appellant's contention that he is not subject to the limitation contained in Section 632 because that section "has no application to damage claims for breach of an alleged contract whose validity is repudiated by decedent and her executor and not established, or to a payment made by decedent's executor, not in compliance with such agreement, but in compromise of litigation involving its validity." In dealing with the claimants, it was appellant's position that the agreement was invalid and unenforceable because of a failure of the intended consideration in that Lena was going to receive $260,000 of the $262,000 by operation of law regardless of what Milton provided in his will. It is not necessary for us to determine whether appellant was correct in taking that position. He has chosen to assert the inapplicability of Section 632[2] and is bound by that choice.

The error that appellant has made is in assuming that if Section 632 is inapplicable he automatically receives the deduction. He states "[t]he deduction for such payment, therefore, was not subject to the limitation imposed by Section 632, but was authorized as a

---

[2] Apparently appellant did not want the payment to be judged by the standards of Section 632 because he realized the consideration for the agreement, mutual promises, would not satisfy the "adequate and full consideration in money or money's worth." test.

payment made in good faith in settlement of damage claims for breach of an agreement whose validity was contested and not established." Before a taxpayer is entitled to a deduction, he must indicate what section of the statute provides for that deduction. Appellant nowhere states what section would permit the deduction of a payment made in compromise of a claim that the executor contends is spurious. Appellant assumes that a deduction follows naturally and automatically from a finding that Section 632 does not apply. Section 639 provides that liabilities arising from the decedent's torts are deductible, but there is no hint that a tort was involved in this situation. The only section upon which appellant could rely is Section 631 which provides for deducting all liabilities of the decedent. He, however, can not assert simultaneously that the contract was invalid and unenforceable and hence not subject to Section 632, and that a payment in compromise of that claim (although invalid and unenforceable) is deductible as a liability of the decedent.

Appellant must be denied the deduction because he has not shown what section of the statute grants it to him. The decree of the court below is affirmed. Costs on the appellant.

Mr. Justice JONES joins in this opinion.

Mr. Chief Justice BELL dissents.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

While I concur in the result reaached by the majority, I do so because I believe that the payment made in this case is specifically made nondeductible by the Inheritance and Estate Tax Act of 1961, P. L. 373, 72 P.S. §§2485-101 to 2485-1201. It is my opinion that the claim presented by Milton Lazar's designees was a liability of Lena Lazar's estate within the meaning of §631, 72 P.S. §2485-631, and that the payment made in satisfaction of that claim was therefore deductible

unless otherwise excludable. The mere fact that a claim or debt is contested does not render it any less a liability, which I define as any obligation which may be enforeable through legal compulsion. The settlement, which I assume to have been made in good faith, did nothing more than fix a value for and discharge a previously unliquidated liability.

However, it is my view that §632 of the act, 72 P.S. §2485-632, disallows any deduction for the payment made in satisfaction of this liability. Section 632 provides that: "Except as otherwise provided in sections 638 and 639, the deductions hereinafter set forth for indebtedness of the decedent, when founded upon a promise or agreement, shall be limited to the extent that it was contracted bona fide and for an adequate and full consideration in money or money's worth." I think it clear that this liability was "founded upon a promise or agreement" within the meaning of §632. The designees' claim was grounded in and dependent upon the 1947 agreement between Milton and Lena, and I cannot believe that the intervening negotiations and litigation in any way affected the genesis of the asserted liability.

Having reached this conclusion, it is my view that the deduction should not be allowed because the indebtedness was not supported by "an adequate and full consideration in money or money's worth." I do not question the bona fides of the transaction or the presence of sufficient consideration to make the contract enforceable. But it is clear to me that §632 requires more than just legally sufficient consideration. Ninety-nine percent of Milton Lazar's property was held by the entireties with his wife; therefore the only consideration which he could have passed to Lena as compensation for her promise to leave his designees seventy-five percent of her estate was the right to possibly inherit some $2,000. Since this is hardly

"adequate and full consideration in money or money's worth," I believe that the $150,000 payment was non-deductible.

CONCURRING OPINION BY MR. JUSTICE POMEROY:

I concur in the result reached by the majority, and with much of the reasoning of the majority opinion. I add this brief additional opinion because the majority seems to consider the question as one of first impression, when in fact there is what I consider to be controlling precedent.

Section 632 of the Inheritance and Estate Tax Act of 1961 was suggested by the Act of 1939, P. L. 721, §1, 72 P.S. §2302, and, as the Joint State Government Commission observes in its 1963 report, is in conformity with existing law. 72 P.S. §2485-632. This Court construed the same statutory language which is involved in this case in *Hitchcock Estate,* 385 Pa. 569, 124 A. 2d 360 (1956). The facts there were very much the same as those here, except that the promise of the surviving spouse to provide for the heirs of the deceased husband was contained in a "joint will and contract" instead of in a separate agreement. The widow, by a codicil after her husband died, limited the bequests to her husband's side of the family to one-half of the joint estate as it existed at the date of his death. The value was greater at the time of her death, and the husband's heirs asserted a claim against the estate for one-half of the higher value. The claim was compromised at 43%. The widow's executor contended that the amount paid in the settlement of the testamentary claims was a proper deduction in calculating the clear value of the estate subject to inheritance tax. The Court, in an opinion by Mr. Justice CHARLES ALVIN JONES, held that the payments were not supported by adequate and full consideration in money or money's worth; that they were in effect "testamentary bene-

factions and not debts." The reciprocal promises between husband and wife were sufficient to support the agreement and to constitute it an enforceable contract, but not adequate under the Act to qualify as a deduction. The fact that a "genuine dispute" existed as to the amount payable to the claimants did not convert the amount paid to damages for breach of contract, and so a deductible item; "whatever the husband's relatives were entitled to receive of the estate remaining after Mrs. Hitchcock's death they took under and by virtue of the joint will and not otherwise."

I think the rationale of the *Hitchcock* decision is equally applicable to the case at bar.

Mr. Justice JONES joins in this opinion.