## Zellefrow Estate.

Argued September 25, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Vincent J. Dopko,* Deputy Attorney General, for Commonwealth, appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ROBERTS, January 19, 1973:

Flora Zellefrow, decedent, died testate in December, 1970, leaving an estate which consisted of $12,000 in realty, personalty valued at $5,608.74, and jointly held property in the amount of $1,570.80. The will devises the realty to decedent's three children in equal shares and "[a]ll the rest, residue, and remainder" equally to the three children and a nephew.

The question presented by this appeal is whether the amount of the inheritance tax, calculated to be due on specifically devised property, is to be deducted from the value of the residue before computing the total inheritance tax due. The Commonwealth's assessment did not allow such a deduction. The Orphans' Court

Division of Armstrong County rejected the Commonwealth's tax assessment and held that the inheritance tax on the specifically devised realty is deductible before valuing the residue for tax purposes. We reverse that determination.

The orphans' court relied upon Section 718(a) of the Inheritance and Estate Tax Act which provides: "In the absence of a contrary intent appearing in the will, *the inheritance tax imposed* by this act on the transfer of property which passes by will absolutely and in fee, and which is not part of the residuary estate, *shall be paid out of the residuary estate* and charged in the same manner as a general administration expense. Such payment shall be made by the personal representative and, if not so paid, shall be made by the transferee of the residuary estate." Act of June 15, 1961, P. L. 373, art. VII, §718, as amended, 72 P.S. §2485-718. (Emphasis added.) It is clear that Section 718(a) does not support the court's conclusion, for that section refers only to the source of payment of the inheritance tax, not to methods of computing that tax. See *Remmel Estate,* 425 Pa. 325, 330 n. 6, 228 A. 2d 889, 892 n. 6 (1967); *Lengel Estate,* 33 Pa. D. & C. 2d 1 (1963). The Joint State Government Commission, in its comments to Section 718(a), states that "[t]his subsection changes existing law under which the tax is *payable* by the legatee or out of property passing to him unless the will clearly indicates otherwise." (Emphasis added.) Similarly, this Court stated in *Remmel Estate,* supra, that "[u]nder the Act of June 15, 1961, P. L. 373, §718, 72 P.S. §2485-718, taxes are *paid* out of the residuary estate unless there is a contrary intention appearing in the will." Id. at 330 n. 6, 228 A. 2d at 892 n. 6. (Emphasis added.)

The court erroneously interpreted the phrase in Section 718(a) that the tax "shall be paid out of the residuary estate and charged in the same manner as a

general administration expense" to mean that the tax due on the specific devise is to be treated as an administration expense and allowed as a deduction.[1] Such an interpretation fails to recognize that Section 718(a) merely designates the source of payment of the tax as between the devisees of the specific gifts and those of the residue. Cf. *Frick's Estate*, 277 Pa. 242, 121 Atl. 35 (1923), rev'd on other grounds, 268 U.S. 473, 45 S. Ct. 603 (1925). Section 718(a) does not deal with the imposition of the inheritance tax; that is provided for in Section 201.[2] Nor does it pertain to the method by which the tax is computed; that is dealt with in Section 401.[3] Rather, Section 718(a) provides for deduct-

---

[1] Section 611 provides that "[a]ll reasonable expenses of administration of the decedent's estate . . . shall be deductible." Act of June 15, 1961, P. L. 373, art. VI, §611, 72 P.S. §2485-611. The Joint State Government Commission states the following in its comments to Section 611:

"This is declaratory of existing laws: Act of 1919, P. L. 521, §2 [72 P.S. §2302]. Administration expenses include, but are not limited to, letters testamentary or of administration; estate notices; inventory; fees of appraisers, witnesses, personal representatives and attorney; short certificates; affidavits; fees for account and adjudication; public liability insurance premium (Anderson Est., 77 D. & C. 74, 1 Fiduc. Rep. 449) ; stock transfer stamps; registered mail charges; certified copies of wills; fees for recording instruments; bank charges for supervision of entry into safe deposit boxes under Section 1111 of this Act; and costs of interstate arbitration under Act of 1949, P. L. 1726, §13, 72 P.S. §2490-13.

"Whether an expense is properly one of administration rather than one chargeable to the distributee of income producing property will be a question to be determined under the facts of the specific situation involved."

[2] "An inheritance tax for the use of the Commonwealth is hereby imposed upon every transfer subject to tax under this act at the rates hereinafter specified." Act of June 15, 1961, P. L. 373, art. II, §201, 72 P.S. §2485-201.

[3] "When the decedent was a resident, the tax shall be computed upon the value of the property, in excess of the deductions hereinafter specified, at the rates in effect at the transferor's death." Act of June 15, 1961, P. L. 373, art. IV, §401, 72 P.S. §2485-401.

ing the amount of the tax due on the specific devise, not for the purpose of reducing the total amount of the tax, but only for the purpose of determining the amount available for distribution to the residuary devisees.

The court's determination is also contrary to the express statutory mandate that, in computing the inheritance tax, the "only deductions from the value of the property transferred shall be those set forth in this Article [VI]." Act of June 15, 1961, P. L. 373, art. VI, §601, 72 P.S. §2485-601. We stated in *Lazar Estate*, 437 Pa. 171, 260 A. 2d 734 (1970), that "[b]efore a taxpayer is entitled to a deduction, he must indicate what section of the statute provides for that deduction." Id. at 176, 260 A. 2d at 736. Here, the taxpayer has not indicated, nor are we able to find, any section of Article VI permitting the deduction obtained below. Section 622,[4] which allows a deduction for certain death taxes, is specifically limited to taxes "paid other states". The Pennsylvania inheritance tax "remains nondeductible, for 1961 §622 refers only to taxes paid 'to other states', etc.—i.e., other than Pennsylvania." Grossman & Smith, Pennsylvania Inheritance and Estate Tax, §622-2.3 (1971 Revision).

We conclude that the trial court erred in allowing the tax on the specific devise to be deducted for the purpose of computing the total inheritance tax due. To hold otherwise would lead to anamolous tax consequences in that the tax on the same total gift would

---

[4] "Death taxes, other than Federal estate tax, disregarding interest and penalty, paid to other states and territories of the United States, and to taxing jurisdictions outside the United States and its territories, on assets, the transfer of which is subject to tax under this act, if such taxes are required to be paid to bring the assets into Pennsylvania, or to transfer them to the new owner, shall be deductible." Act of June 15, 1961, P. L. 373, art. VI, §622, 72 P.S. §2485-622.

vary depending on the presence or absence of a specific devise. For example, if a testator desired to leave his entire taxable estate of $500,000 to B, either as a specific devise or as a residuary one, the inheritance tax due (taxed at 15%) would be $75,000. However, if that same gift to B is divided into a specific devise of $400,000 and a residuary gift of $100,000, under the method employed by the court below, the tax on the same total gift of $500,000 would be $66,000. The court below would reach that result by first determining the tax on the specific devise to be $60,000 (15% of $400,000). It would then subtract this tax from the $100,000 residuary gift, leaving a taxable residuary value of $40,000 ($100,000 gift less $60,000 tax) which produces a tax of $6,000 (15% of $40,000). Thus, the total tax liability, on the orphans' court theory, would be $66,000, rather than $75,000.[5] The Inheritance and

---

[5] The following example is offered by the Commonwealth (Brief at 25):

"Testator A desires to make a $500,000 bequest to his niece B.

"If A makes a residuary bequest, the tax computation, using either the method of the Commonwealth or the lower court, would be as follows:

| | |
|---|---|
| $500,000.00 residuary gift taxed at 15% | $75,000.00 |
| Total tax | $75,000.00 |

"However, if A apportions his $500,000.00 legacy to B by giving $400,000.00 outright and $100,000.00 through the residue, note the following:

"The tax computation of the Commonwealth would be:

| | |
|---|---|
| $400,000.00 specific gift taxed at 15% | $60,000.00 |
| $100,000.00 residuary gift taxed at 15% | 15,000.00 |
| | |
| Total Tax | $75,000.00 |

"The total tax is the same as the total tax on the $500,000.00 residuary gift, i.e., the tax computation method of the Commonwealth achieves consonant results.

"If the tax computation of the lower court is used, note the following inconsistency:

Estate Tax Act neither authorizes nor permits such an unrealistic tax result.

The decree of the orphans' court is vacated and the matter is remanded to the court below to enter an appropriate decree consistent with this opinion. Each party pay own costs.

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I dissent. The Constitution of the Commonwealth, Article 8, Section 1, requires that taxes shall be uniform on the same class of subjects. The inheritance tax is a tax on the transfer of a decedent's property. It is the act of transferring that is the subject of taxation. Act of June 15, 1961, P. L. 373, art. II, §201, 72 P.S. 2485-201. The state has a right to full taxes on the total property being transferred. The state does not have a right to determine that a specific devisee or legatee will pay *no taxes* and the devisee or legatee of the residuary estate will pay *double taxes*. This result is what the majority approves. A law which taxed only residuary *transfers* and not specific *transfers* would involve classifications as to subjects of taxation which would be completely unreasonable. The same result cannot be allowed indirectly.

As the majority states, prior to the amendment of Section 718(a) each person paid a proportionate share of the inheritance transfer tax according to one's proportionate share in the property transferred—whether

| | |
|---|---|
| $400,000.00 specific gift taxed at 15% | $60,000.00 |
| $100,000.00 residuary gift | |
| Less: $60,000.00 inheritance tax on | |
| $400,000.00 specific gift | |
| $40,000.00 taxed at 15% | 6,000.00 |
| Total tax | $66,000.00" |

by specific devise or bequest or by residuary devise or bequest. The amendment to Section 718(a) is an unconstitutional provision violating the uniformity clause unless it is interpreted so that the residuary legatee or devisee does not suffer double taxation.

The majority speaks of anomalous tax consequences and mathematically attempts to show unfairness to the state. Nothing is said of the unfairness to the residuary legatee or devisee. Using the logic and mathematics of the majority we can illustrate another unfair result. If the transfer of a $500,000 estate, referred to by the majority, is by a specific bequest to "A" of $250,000 and a residuary bequest to "B" of $250,000, "A" would pay no taxes and "B" would pay (at 15%) $75,000. If the transfer of the same estate was to be in equal shares to "A" and "B", each would pay $37,500. The majority is saying that in two identical estates, each involving $500,000, the state is entitled (at 15%) to a tax of $75,000. I agree. I cannot agree, however, that in one estate the $75,000 is to be paid by "B" with no tax to "A" and in the other estate "A" and "B" share the tax. Such a result in tax matters must always be pursuant to reasonable classifications which do not exist in this case. The uniformity article of the Constitution is clearly violated under the majority's interpretation.

The Commonwealth has every right to collect the full tax due. It has no right to *arbitrarily* decide by statute or otherwise *who* will pay the tax. The testator may do this, or the state, by establishing nonarbitrary constitutionally valid classifications—this has not been done.

The case should be remanded for modification of the decree in accordance with this opinion.