## Grubbs Estate

*Marius Santicala* and *John M. Duff*, for Commonwealth.

*Wallace E. Edgecombe*, for appellant.

McKENNA, *P. J.*, October 31, 1975—There is a difference of opinion in this case as to how the inheritance tax due the Commonwealth of Pennsylvania shall be calculated.

Decedent died on April 7, 1959, leaving a last will and testament dated February 4, 1959. In paragraph six of the will, testator makes certain bequests to his brother, Arthur, subject to the payment of all debts, *all transfer inheritance taxes* and costs of administration. The residue of the estate passes for the benefit of testator's widow.

The rate of inheritance tax on the portion of the estate passing to the brother is 15 percent, and the rate on the widow's share is two percent. See Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, sec. 403, 72 P.S. §2485-403.

The Commonwealth levied a transfer inheritance tax as follows:

| | | |
|---|---|---|
| Gross Estate | $34,924.25 | |
| Debts and expenses | 5,633.18 | |
| Net Estate Subject to Tax | | $29,291.07 |

| | Distribution | |
|---|---|---|
| | 15% Legatee | 2% Legatee |
| | $16,325.00 | $18,599.25 |
| Debts and Expenses | 5,633.18 | 0.00 |
| | $10,691.82 | $18,599.25 |
| Tax | .15 | .02 |
| | $ 1,603.77 | $ 371.99 |
| Total Tax | | $ 1,975.76 |

The executrix disagrees with the method of ap-

plying the tax rates. She asserts, through her counsel, that:

"Whatever Arthur Grubbs nets from his brother's estate is taxable at 15% and the balance is taxable at 2%," and,

"Arthur's [share] must further be reduced by the inheritance taxes on the whole estate."

To arrive at the tax applicable to the respective shares, she has resorted to an algebraic formula. Her calculation is as follows:

| | | |
|---|---|---|
| Arthur's share ................................... | | $16,325.00 |
| Less debts ..................... | $5,633.18 | |
| Less tax ....................... | X | 5,633.18  +X |
| | | |
| Arthur's share taxable at 15% .......................................... | | $10,691.82  −X |
| Balance of estate taxable at 2% ................................ | | 18,599.25  +X |
| | | $29,291.07 |

*Tax:*

$$15\% \text{ of } \$10,691.82 -X = \$1,603.77 -.15X$$
$$2\% \text{ of } \$18,599.25 +X = \$\ \ 371.99 +.02X$$
$$X = Tax = \$1,975.76 -.13X$$
$$X \times .13\, X = 1.13\, X = \$1,975.76$$
$$X = 100 \times \$1,975.76 = \$1,748.47$$
$$\overline{113}$$

| | | |
|---|---|---|
| Arthur's share ....................... | | $16,325.00 |
| Less debts ......... | $5,633.18 | |
| Less        tax | 1,748.47 | 7,381.65 |
| | | $8,943.35 |

Tax at 15% −$1,341.50

| | | |
|---|---|---|
| Widow's share | | |
| Net estate .......................... | $29,291.07 | |
| Less Arthur's share ............ | 8,943.35 | |
| | | $20,347.72 |

Tax at 2% −$   406.95

Total tax .............. $1,748.45

We accept the Commonwealth's position.

Counsel for the executrix argues that he is not asking the court for a credit of the tax against the net estate on which the 15 percent legatee must pay. He states that he is only determining the amounts on which the several rates, 15 percent and 2 percent, are actually applied to the entire estate.

It is true that paragraph six of the will does direct the 15 percent legatee to pay all debts and taxes. However, that is a mere designation of the source of the tax. Testator cannot regulate the rate of tax which is the prerogative of the Commonwealth.

It is agreed that Arthur's share is $16,325 and that the debts and expenses, exclusive of taxes are $5,633.18. Arthur's net share then is $10,691.82. The tax on this at 15 percent is $1,703.77. The assessment against the balance of the estate passing to the 2 percent heir, i.e., $18,599.25, is $371.99. The Commonwealth is entitled to the sum of these two figures or $1,975.76 and not to any less amount.

In Zellefrow Estate, 450 Pa. 302, 299 A. 2d 248 (1973), testator left certain realty to his three children and the residue of his estate to the three children and a nephew. The lower court held that the tax on the specifically devised property was to be deducted before valuing the residue for tax purposes. The Supreme Court reversed. It is true that the facts there are distinguishable from those in the case at bar. The case turned on a construction of section 718(a) of the Inheritance and Estate Tax Act of 1961, supra, which provides that, in the absence of a directive in the will, the tax on a specific bequest shall be payable out of the residue. In the case at bar, we have a specific directive as to the source of the tax, i.e., the fund passing to the

specific legatee. Nevertheless, the opinion in Zellefrow makes it clear that the designation of the source of the tax cannot affect the rate or the amount due the Commonwealth.

We believe that the error of counsel for the estate lies in the fact that, notwithstanding his protestations to the contrary, he has deducted the tax payable from the clear value of the estate in order to arrive at the value for taxation. He argues that this is not so, that the clear value of the estate, i.e., $29,291.07, is all subject to tax at either of the two rates. This is true. However, his calculation has prejudiced the Commonwealth in that he has subjected $8,943.35 to the 15 percent rate whereas, according to our reasoning, the amount taxable at that rate is $10,691.82.

A decree will be entered in accordance with this opinion.