McDonald, Appellant, *v.* New Sewickley Township.

Argued October 3, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Stewart P. McConnell,* for appellant, cited: Francis v. Twp., 179 Pa. 195; Com. v. Hamilton, 80 Pa. Superior Ct. 240; Penn Twp. v. Perry Co., 78 Pa. 457; Ruth Hastings Glass T. Co. v. Slattery, 266 Pa. 288; Jackson v. Myers, 257 Pa. 104; Trexler v. Reynolds, 232 Pa. 173; Kendig v. Roberts, 187 Pa. 339.

*Clyde Holt,* of *Holt, Holt & Richardson,* for appellee, cited: Penn Twp. v. Perry Co., 78 Pa. 457; Com. v. Hamilton, 80 Pa. Superior Ct. 240.

OPINION BY MR. JUSTICE SIMPSON, November 26, 1928: Plaintiff sued to recover for a "fill on the approaches," which he had made during the course of constructing a

bridge for the defendant township. He claimed the fill was additional work; the court below construed the contract otherwise, and entered a judgment against him, from which he now appeals.

The contract provides that plaintiff, for a specified sum, is to "construct and complete in accordance with Plan No. S 228, specifications, and instructions to bidders, which are hereby made a part of this contract, a concrete and steel bridge" of a given size, but says nothing regarding the "fill on the approaches." The plan shows the superstructure of the bridge but not the approaches to it. The specifications state that, in digging the foundations, all "excavated material shall be deposited between the wingwalls or as the supervisors may direct"; and that "any fill on the approaches, in excess of the materials excavated from the foundations, that may be ordered by the supervisors, shall be paid for at the price bid per cubic yard." The instructions to bidders show nothing relevant to this controversy, except that it restates the fact that "the specifications and plan are to be considered as and shall form a part of the contract." In none of these documents is it stated that plaintiff's proposal [which includes, in separate items, the prices bid for the construction of the bridge and for the work which may be added or omitted] shall form part of the contract; nor is it directly or indirectly referred to in any of them, except in so far as concerns the unit prices to be paid or allowed for such additional or excluded work. It follows that the proposal need not be considered in determining whether or not the contract price included the work to be done in filling the approaches.

Admittedly plaintiff placed a "fill on the approaches, in excess of the materials excavated from the foundations," and for so doing now claims to be paid "at the price bid per cubic yard." The foregoing review of the contract and of its incorporated documents shows that this was additional work. With much doubt, the court

below reached an opposite conclusion because of a general statement in plaintiff's proposal, whereby he offered to "erect or construct, complete, ready for travel, a bridge as shown on the plan and described in the specifications." The words "ready for travel" bear the entire weight of his argument. We have already shown, however, that the proposal is not a part of the contract, and hence, of course, cannot enlarge or diminish the rights of the parties. True, the contract itself requires plaintiff to "construct and complete......a concrete and steel bridge,"—language which, if it stood alone, might well be held to include the "fill on the approaches": Terminal Coal Co. v. P. R. R. Co., 291 Pa. 103, 109. It does not stand alone, however; on the contrary, the presumption of inclusion which might otherwise have arisen, is wholly destroyed by the express provision that the township shall pay additionally for the "fill on the approaches, in excess of the materials excavated from the foundations." These words are clear and unambiguous, and their manifest effect cannot be overcome by an antagonistic presumption, for this must always give way to that which is expressed: Cohen v. Phila. Rapid Transit Co., 228 Pa. 243; Devall v. Glover, 250 Pa. 417, 420; Ludwick's Est., 269 Pa. 365.

Appellee also founds an argument on the fact that at the bottom of the plan are the words "Earth Fill 2250 C. Y.," which is the number of cubic yards for which plaintiff claims to be paid as additional work. Nothing on the plan connects these words with the intended contract for constructing the bridge for a gross sum. For all that appears on the plan, they may have been placed on it in order to enlighten the supervisors and bidders as to the probable extent of the "fill on the approaches" which was to be paid for as extra work according to the unit price bid. Certainly they cannot be so construed as to override the express language of the contract, above quoted, which declares this shall be additional work.

What has been said compels us to sustain the appeal, but we will not enter judgment for plaintiff non obstante veredicto. The error of the court which compels the reversal was made long before the case was at issue, and may have resulted in appellee not producing relevant and possibly controlling evidence, because, as the record stood at the time of the trial, such evidence was of no moment.

The judgment of the court below is reversed and a venire facias de novo is awarded.