## Bryant's Estate.

Argued May 1, 1934. Before SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. Brewster Rhoads,* with him *John F. Headly,* of *Montgomery & McCracken,* for appellants.—The bequest of taxes to the preferred legatees should not abate.

The gifts of taxes constituted additional legacies and ipso facto possess the incidents of the legacies to which they are an addition; and, since such original legacies were preferred as to abatement, the additional gift of the taxes must retain that preference: Croxton's Est., 289 Pa. 444.

To arrive at a testator's intention the four corners of the will must be examined.

When proper weight is given the provision for the payment of taxes and the language expressing the preference for the trust legatees, it is clear that the decedent desired the estates in trust should be paid in full without deduction on account of taxes; that the taxes on the trust estates should be paid by the charitable legatees.

That such a provision for the payment of taxes is valid is demonstrated by Croxton's Est., 289 Pa. 444; Anderson's Est., 312 Pa. 180.

*Eric A. McCouch,* with him *R. M. Remick, Wm. Nelson West, 3d, W. Nelson West* and *Henry S. Drinker, Jr.,* for appellees.—There being no residuary estate, the clause of the will, directing payment of all taxes out of the residuary estate, if said residuary estate should be sufficient for that purpose or to the extent that it should be sufficient for that purpose, is inoperative and there being no directions to the contrary, each legatee must

pay the tax on his own legacy: Sherman v. Moore, 89
Conn. 190; 93 A. 241; Wilson v. O'Leary, 1874 L. R.
17 Eq. 419.

*Russell Duane,* with him *Archibald T. Johnson,* for ap-
pellees.—Every legatee must pay his tax unless the tes-
tator has generously undertaken, in clear and unequivo-
cal language, to pay the tax for him, or to provide other-
wise for its payment.

While a testator possesses the arbitrary power to be-
queath his property in any legal way that he chooses,
nevertheless, where there is any degree of doubt as to
what the testator meant by the language employed, that
interpretation should be adopted which will promote
equality among legatees as regards all burdens, benefits
and exemptions.

OPINION BY MR. JUSTICE SIMPSON, May 21, 1934:

After certain bequests, unimportant here, testator be-
queathed $230,000 in varying amounts to specified chari-
ties, $275,000 in trust for a nephew for life with remain-
der to his surviving descendants, and $300,000 in trust
for a niece for life with remainder to her surviving de-
scendants. His will then provides as follows:

"ELEVENTH. I have made and divided the forego-
ing bequests upon the basis of the face value of my se-
curities as I now own them. If by reason of depression
in values of my estate as a whole, the payment of all the
foregoing legacies in full is not practicable, I direct that
the gifts in trust for my niece, Eleanor A. Bryant Pear-
son, and my nephew, P. F. Rothermel, 3rd, shall take
precedence over the other bequests, which latter, in that
event, I direct shall abate proportionately.

"TWELFTH. All the rest, residue and remainder of
my estate, of whatever description, real, personal and
mixed, I give, devise and bequeath to my said nephew,
P. F. Rothermel, 3rd, as his absolute property.

"THIRTEENTH. I direct that all collateral inheritance, Federal estate and other taxes payable at my death shall be paid out of my residuary estate if the said residuary estate shall be sufficient for that purpose, or to the extent that it shall be sufficient for that purpose, to the end that, if practicable, the pecuniary and specific legatees mentioned in this Will may get their legacies in full, or shall suffer no deduction therefrom beyond what may be necessary to pay said taxes."

Upon the settlement of the account of the executors, it was found that the balance for distribution was not sufficient to pay the charitable and trust legacies in full, whereupon the court below, in accordance with the eleventh paragraph of the will, decreed the payment in full of the trust legacies and directed that the residue be divided among the charitable legacies pro rata. It was claimed by the trustees of the trust legacies that, because of the 13th paragraph of the will, the court, under the principle announced in Croxton's Est., 289 Pa. 433, later to be considered, should have awarded to them an additional sum sufficient to pay the inheritance tax on the legacies of $275,000 and $300,000 respectively, taking the necessary amount out of the already depleted fund for the charities. This contention the court below in banc overruled, and after quoting the thirteenth paragraph of the will, said: "It should be noted that this clause [relating to the payment of taxes] only becomes operative if there be a residuary estate. It is conceded that distribution under this account will not reach the residuary clause, hence we deem it wise, the auditing judge concurring, to reserve all questions relating to the distribution of the residue until such a fund arises. The adjudication is amended accordingly; all other exceptions are dismissed, and the adjudication as amended is confirmed absolutely." From the resulting decree, the trust legatees and their trustees took the present appeal, and renew here the argument made in the court below. The decree is right and must be affirmed.

Croxton's Estate, supra, lends no aid to appellants' contention. We there decided that "An additional legacy, given by a will to one to whom a legacy had been previously given thereby, is prima facie subject to the same incidents and conditions as the original legacy," and that "the mere failure to repeat, in the gift of the additional legacy, the incidents and conditions set forth in the original gift, does not affect the presumption." There can be no presumption of fact, however, as against a fact which is admitted or proved: Ludwick's Est., 269 Pa. 365; McDonald v. New Sewickley Twp., 294 Pa. 412, 415, and cases cited. Indeed this conclusion is axiomatic; expressum facit cessare tacitum. There was not, in the opinion in the Croxton Case, the slightest intimation of an intention to award any part of the estate contrary to the provisions of the will then being construed. Here, that is the exact thing being attempted. When testator said "I direct that all collateral inheritance, Federal estate and other taxes payable at my death shall be paid out of my residuary estate, if the said residuary estate shall be sufficient for that purpose, or to the extent that it shall be sufficient for that purpose," he could have meant only what he said; the residuary estate and it alone, so far as concerns the tax payments by his estate, was to be the only source from which such total or partial payment of the taxes should come; and when, as eventuated, there was no residuary estate, nothing could properly be allotted to their payment. A testator's right to dispose of his estate as he pleases, must have full effect given to it, when it is not contrary to any principle or policy of the law—an exception not even alleged to exist here. Moreover, the clause of the will last quoted, applies to the charitable legacies as well as it does to the trust legacies, and for this reason also appellants' argument fails, so far, at least, as concerns the account now before the court.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.