## Mertz Estate

*Arthur T. Gillespie* and *Charles T. Noonan*, for accountants.

*Wilbur C. Creveling*, for exceptants.

GEARHART, P. J., December 14, 1955.—Irene K. Mertz died October 15, 1954, leaving a last will and testament dated November 7, 1953, which has been duly probated and letters granted to George Blumer and C. W. Hersh. The executors have filed their ac-

count, to which objections have been filed by Charles Hersh and Joseph Hersh, specific legatees. The objection is to the deduction of $804.54 from each of their respective shares to make up a tax deficit.

The testatrix by the terms of her will made certain specific bequests including stock, which she bequeathed to Joseph Hersh and Charles Hersh, and she made a number of pecuniary bequests to various individuals and to St. John's Reformed Church. The objectors, who are the specific legatees, will receive 60.6 percent of the estate, and they are charged by the accountants with 60.6 percent of the tax deficit.

The testatrix in the last paragraph of her will stated: "All remaining stock and property in my name, to be turned into cash, if after bill for burial, and inheritance tax are paid, there is a balance, to be divided to above persons mentioned." The total taxes amounted to $12,232.42, and the account shows that there is available in the residuary estate the sum of $9,577.19, leaving a deficit of $2,655.23, which the accountants have proposed shall be paid in proportion to the benefits which each of the legatees takes.

The objectors argue that this procedure is erroneous and that since they are specific legatees, the residuary estate should be applied in payment of their share of the taxes, this under the rules of abatement as set forth in the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.751. It is conceded by the objectors that the inheritance tax is payable by the legatee or out of property or estate passing to him unless the will clearly indicates, either expressly or by implication, that the legacy was given free of tax: Rettew Estate, 142 Pa. Superior Ct. 335; Elliott Estate, 113 Pa. Superior Ct. 350.

And it has been said in a host of cases that the Pennsylvania transfer inheritance tax is not a tax on property of decedent but upon the right of succession

or privilege of receiving at death the property possessed by decedent: Strode v. Commonwealth, 52 Pa. 181; Kirkpatrick's Estate, 275 Pa. 271. And the inheritance tax is assessed against the legatees and not the estate: Youngblood's Estate, 117 Pa. Superior Ct. 550. In short, normally every legatee must pay his own inheritance tax, and language indicating a contrary intention must be free from doubt: Uber's Estate, 330 Pa. 417.

With these principles in mind, we will analyze the contention of the objectors. It will be observed that the testatrix has made two bequests to the objectors. The first bequest was in its nature specific, she having bequeathed specific stocks and bonds. Certainly, as to the first gift, there was no reason to bring into play the order of abatement, for there were ample assets to pay both the general pecuniary bequests and the specific bequests. The second bequest to the objectors, as well as to the general legatees, was to be found in that portion of the will where she relieved them of paying the customary taxes due on their respective legacies. The testatrix wrote her own will, and with respect to this residuary share or estate, she directed that it be turned into cash and "if after bills for burial, and inheritance tax are paid, there is a balance, to be divided to above persons mentioned".

The testatrix did not limit the inheritance taxes to be paid to that of the specific legatees, and it would appear that she was doubtful whether there would be a balance remaining after paying the bills and the inheritance taxes, but she went on to say that in the event there was a balance, it was to be divided "to above persons mentioned". The above-mentioned persons included the pecuniary legatees as well as the two specific legatees. Clearly, it was not a gift to the specific legatees alone. It was a general gift to those to whom she earlier gave specific bequests as well as to

those to whom she gave pecuniary gifts. It seems to us that the testatrix, in her homespun fashion, has clearly indicated that with respect to the residuary estate, it was a gift to all of the legatees without preference.

There is not the slightest intimation that the testatrix intended that the specific legatees' taxes should take priority over the general legatees' in the application of this residuary fund. On the contrary, it appears from the words used that the testatrix intended the fund to be used in payment of the taxes of all legatees so far as possible.

In Bryant's Estate, 315 Pa. 151, certain of the legatees made a contention somewhat similar to the one in the present case. In that case, under the thirteenth provision of the testator's will, he directed that all taxes should be paid out of his residuary estate " 'if the said residuary estate shall be sufficient for that purpose, or to the extent that it shall be sufficient for that purpose, to the end that, if practicable, the pecuniary and specific legatees mentioned in this Will may get their legacies in full, or shall suffer no deduction therefrom beyond what may be necessary to pay said taxes' ". Upon the settlement of the account of the executors, it was found that the balance for distribution was not sufficient to pay the charitable and trust legacies in full, and the lower court, in accordance with an earlier paragraph of the will, decreed the payment in full of the trust legacies and directed that the residue be divided among the charitable legacies pro rata. It was claimed by the trustees of the trust legacies that, because of the thirteenth paragraph of the will, the trust legatees should have had awarded to them an additional sum sufficient to pay the inheritance tax on their respective legacies, taking the necessary amount out of the already depleted fund for the charities. This contention the court below rejected and on appeal to the Supreme Court was affirmed. Said

Mr. Justice Simpson, writing the opinion of the court, page 155:

"When testator said 'I direct that all collateral inheritance, Federal estate and other taxes payable at my death shall be paid out of my residuary estate, if the said residuary estate shall be sufficient for that purpose, or to the extent that it shall be sufficient for that purpose,' he could have meant only what he said; the residuary estate and it alone, so far as concerns the tax payments by his estate, was to be the only source from which such total or partial payment of the taxes should come; and when, as eventuated, there was no residuary estate, nothing could properly be alloted to their payment . . . the clause of the will last quoted, *applies to the charitable legacies as well as it does to the trust legacies, and for this reason also appellants' argument fails, so far, at least, as concerns the account now before the court.*" (Italics supplied.)

And so in the case before us, the clause relating to the residuary portion of the estate applies equally to the general pecuniary legatees and the specific legatees. It is a general bequest and does not take on the incidence of a specific bequest merely because part of the fund is applicable to the payment of the tax due on the specific bequests. Consequently, subparagraph 3 of section 751 of the Fiduciaries Act of 1949, 20 PS §320.751 is not applicable.

On the subject generally, see Greaves Estate, 29 Dist. R. 577; Thompson's Estate, 19 D. & C. 289; White Estate, 63 D. & C. 408; Harvey Estate, 350 Pa. 53.

Judge Hunter's statement in White Estate, supra, page 413, that "The specific legatees cannot reasonably contend that testatrix intended that their taxes should be paid by the general legatees" is apt in the instant case. As has been demonstrated, the testatrix intended otherwise.