## Folwell Estate

*High, Swartz, Childs & Roberts* and *Norris, Lex, Hart & Ross,* for accountants.

TAXIS, P. J., October 3, 1957.—The account shows a balance of principal for distribution of $102,143.38, composed of the shares of stock set forth on page 2 totaling $35,350.50, bonds set forth on page 2, $19,-854.76, real estate of the inventory value of $40,000, household furniture and personal effects, $688.50, and a balance of income for distribution of $4,419.17. . . .

Paragraph 6 of decedent's will directs that all taxes imposed upon any property included in the gross estate shal be paid by the executors "out of the corpus of my residuary estate." As will be pointed out shortly, there are insufficient assets to fund a marital deduction trust under paragraph third of the will, and thus there is no residuary estate from which to pay taxes. As a result, the tax clause is inoperative and each legatee shall pay his or her share of the taxes subject to the provisions of the Estate Tax Apportionment Act of August 24, 1951, P. L. 1405. Where a testator by his will expressly declares that certain payments shall be made, if at all, from a specified source they cannot, so far as his estate is concerned, be properly made from any other source: Bryant's Estate, 315 Pa. 151, 155; White Estate, 63 D. & C. 408, 412.

Paragraph fourth of decedent's will gives Mary C. Folwell, decedent's wife, a life estate in the residue and at her death the trustees are directed to "transfer and assign all of the shares of the capital stock of FOLWELL BRO. & CO. INC., which I may own at the time of my death, to my son, NATHAN T. FOL-WELL, JR., absolutely."

Folwell Bro. & Co., Inc., is now in the process of liquidation, and it is not possible for the exectuors to place the foregoing shares of stock in the residuary trust in view of the fact there can be no residuary trust at this time. I hold, therefore, that the above legacy has been adeemed.

This leaves for final determination the problem of funding the marital deduction trust pursuant to paragraph third of the will.

By paragraph third, decedent gave to his trustees: ". . . that portion of my estate, real and personal, in value as finally determined for Federal estate tax purposes, which when added to the aggregate net values as similarly determined of all property interests, of whatever nature, with respect to which a marital deduction shall be allowed to my estate under the provisions of the applicable Federal estate tax law, shall secure for my estate the maximum amount of any such marital deduction, . . ." for the benefit of his wife for life with the power of appointment over the principal at her death by will.

By codicils dated February 24, 1954, and March 17, 1954, respectively, testator specifically devised from his residuary estate his one-third interest as tenant in common in certain real estate situate in London Britain Township, Chester County, and in New Castle, State of Delaware, to his son, William H. Folwell, 3d. Title to the real estate was held in the names of P. Donald Folwell, Mary C. Folwell and William H. Folwell, 3d.

According to the account as filed there is a balance of principal of $61,454.88, exclusive of the real estate specifically devised from residue and exclusive of the tangible personalty bequeathed to the surviving spouse, Mary C. Folwell, under paragraph second of the will. The marital deduction trust has been computed to be $84,726.64 in the Federal estate tax return as filed. The return has not been finally audited, with the probability that the marital deduction trust may be revised upwards. There is thus a substantial deficiency of principal in the hands of the executors, excluding the real estate, under what is required to fund the marital deduction trust as finally ascertained and

there will be no assets to constitute the residuary trust created under paragraph fourth of the will. If she had taken against the will the amount she would have taken is clearly less than the balance of principal on hand excluding the real estate.

The question is whether the exectuors should, after payment of any additional administration expenses and taxes that may be found due, fund the marital deduction trust from the balance of principal on hand excluding the real estate, or, whether the court should make an order of contribution directed to William H. Folwell, 3d, to fund the marital deduction trust in full, as finally ascertained, from the proceeds of sale of the real estate and/or the balance of real estate remaining unsold at the present time. The problem appears to be one of first impression.

The question arises whether under section 751(a) (2) of the Fiduciaries Act of April 18, 1949, P. L. 512, the devise of decedent's interest in real estate to his son has a priority under the above section or whether the intention of testator was that the marital deduction trust in favor of the widow is to be preferred.

The marital deduction trust can hardly be considered a specific bequest in favor of the surviving spouse. "A specific legacy or devise is a gift by will of a specific article or part of the testator's estate which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing": Hunter's Orphan's Court Commonplace Book, page 858. In any event, the marital deduction trust is something entitled to less preference than a specific devise to issue within section 751 (a) (2), in the absence of an intention evidenced by testator that the spouse's gift be preferred. By a strict interpretation of section 751, it could be argued that a specific devise in favor of

testator's issue has a priority over a marital deduction trust in favor of testator's spouse.

However, the question here is really one of interpreting the will and codicils and discerning the intention of testator. For testator's intention may not be ignored; he can, of course, provide his own order of preference. Section 751 applies only "Except as otherwise provided by the will." To begin with, testator never contemplated the situation which has actually happened. He undoubtedly assumed that his personal estate was much larger than it turned out to be. Testator in the two codicils intended to exclude the realty from the *residuary estate* but obviously had no realization that the marital deduction trust would not be fully funded. The clear implication of the testamentary plan created by this testator in his will and codicils in providing for a marital deduction trust is that he desired his widow to be provided for first and that he intended her to have the full enjoyment of roughly one-half of his estate, which intention will be substantially frustrated if the maximum amount of the deduction is not obtained.

Moreover, the testamentary plan further confirms this conclusion. It is clear that the marital deduction trust was provided for first and then testator provided for his residuary trust. Although the marital deduction trust is something less than a specific gift, it is also clear that it is preferred to a residuary gift. The devise of the real estate was a gift *from the residue only* as each devise was preceded by the words, "I hereby exclude from my residuary estate . . .", thus clearly evidencing an intent to take it from the residuary estate only and not to detract from the marital deduction trust which latter was given an express preference.

I conclude that testator intended the entire marital deduction trust to be preferred over all other gifts

and that the devise to issue should abate and contribute accordingly. Section 751 of the Fiduciaries Act is inapplicable because testator has "provided otherwise" in his will. . . .

The net ascertained balances of principal and income for distribution are awarded as suggested under the last paragraph of the petition for adjudication with direction that the specifically devised real estate be subject to contribution to the marital deduction trust under paragraph third of the will and subject to its share of Federal and estate taxes.

And now, October 3, 1957, this adjudication is confirmed nisi.