## Anderson Estate

*Henry Stuckert Miller*, for accountants.

TAXIS, P. J., January 26, 1967.—. . . . Accountants have submitted to the court for adjudication questions concerning apportionment of the Federal estate tax and the Pennsylvania transfer inheritance tax among the various legatees. Decedent died on June 7, 1965. She was a widow and 82 years old at the time of her death. The will and two codicils were entirely holographic. The will itself consisted of only two pages and was dated July 23, 1953. The will provided for the following pecuniary bequests:

(a) "First make sure there is ten thousand dollars $10,000.00 to be given Margaret Anderson Folger to keep in bank for her own use when and as she wishes, *in her own name* and not joint with her husband . . ."

(b) To Mrs. Folger's son, Harry P., 3rd, $3,000; to her son Thomas Arthur, $3,000; and to her daughter Jean Ann $5,000, to be held in trust for each by Mrs. Folger until each attains the age of 18 years. (All three have attained said age, and Jean Ann alone has not attained the age of 21 years, having been born on May 22, 1947).

(c) To testatrix's sister, Elizabeth Haines Sheppard, $5,000. (Mrs. Sheppard survived decedent, but

only by 4 months, and left her own estate to charity.)

(d) Testatrix's sister, Sue Marshall Haines Travis, who is the other executrix, $3,000.

(e) To testatrix's sister-in-law, Florence May Anderson, $1,000.

(f) "All the remainder of my estate *after* the deduction of the *Inheritance Taxes* for the *above bequests* is taken out is to go to Margaret C. Anderson Folger . . ."

The first codicil consisted of three pages and was undated. The codicil primarily dealt with provisions for gifts over in the event that Mrs. Folger did not survive testatrix. This codicil contained no comment concerning death taxes.

The second codicil is dated December 17, 1958. This codicil contained the two following provisions:

(a) "This is to direct or carry out my will as to her inheriting all personal or real values after the *bequests* have been *granted* to those mentioned.

(b) "I want her to *retain* as now invested the Preferred and Common United States *Steel* stock. She is to have the dividends of said stock each quarter, shares of stock to be transferred to my estate and kept in a safe deposit box and at her death to be divided between my three grandchildren, Harry P. Folger, III (Third), Thomas Arthur Folger and Jean Ann Folger". This codicil, like the first, contained no provisions whatsoever concerning death taxes.

The gross estate for Federal estate tax purposes totals approximately $155,900. The debts and administration expenses total approximately $18,300, leaving a taxable estate of approximately $137,600. The Federal estate tax is estimated to be $12,000, and the question is who will bear the burden of this tax. The question could be stated in another manner; should each legatee pay his or her proportionate share of the Federal estate tax, or does the entire burden of the Federal

estate tax fall upon the residuary estate? The Estate Tax Apportionment Act of August 24, 1951, P. L. 1405, sec. 3, 20 PS §883, provides, inter alia, that a testator may direct how the Federal estate tax shall be apportioned, and such direction shall take precedence over the provisions of the act. The Supreme Court, in Hoffman Estate, 399 Pa. 96 (1960), decided that a reference to "inheritance taxes" did not amount to a direction that the apportionment requirements of the Estate Tax Apportionment Act of 1951 should not apply. Accordingly, the above quoted provision that "inheritance taxes" should be paid from residue was construed by the Supreme Court in Hoffman Estate, supra, to refer to only State inheritance taxes, and not the Federal estate tax. In finding that testatrix failed to direct who is to bear the Federal estate tax in her will, we then turn to the Estate Tax Apportionment Act to determine the burden of payment. The Act of 1951 was amended by Act No. 484 of December 22, 1965, P. L. 1204, which added a new section, 3 (d), which provided in effect that the estate tax upon *outright, non-residuary devises and bequests* be payable from the residue, in the absence of an expressed contrary intent. This amendment became effective on December 22, 1965, and the Estate Tax Apportionment Act of 1951, into which the provisions of Act No. 484 were inserted, provides in section 9 that it applies to *any estate* "for which the original Federal estate tax return is filed . . ." after said date. Thus, the amendment enacted on December 22, 1965, purports to cover the case where a decedent, as here, died before the effective date of the amendment, but in which no Federal estate tax return was filed by December 22, 1965.

Prior to Act No. 484, the Federal estate tax was borne in proportion to the value of each person's interest in the net estate before exemption. (See section 4 of the Estate Tax Apportionment Act of 1951, supra.)

In other words, Act 484 would require that the residuary estate bear the entire burden of the Federal estate tax, whereas the law prior to the enactment of Act No. 484 would require that all legatees bear a proportionate share of the tax.

Accountants suggest that Act No. 484 may be unconstitutional as applied to the estate of any person dying before December 22, 1965. The rights of beneficiaries to have the tax apportioned became fixed on June 7, 1965. Act No. 484 thus is invalid in this case by attempting to control the apportionment of the tax of decedent dying prior to its enactment, and amounts to a taking of property without due process of law. The present case is unlike Jeffery's Estate, 333 Pa. 15 (1939), where the predecessor of section 9 in the 1937 Estate Tax Apportionment Act was given retroactive effect and held to be valid. The distinguishing feature of that case was that the 1937 act did not change the existing law, as Act No. 484 does here. See also Alter's Appeal, 67 Pa. 341 (1871).

We now turn to the question of the burden of payment of the Pennsylvania inheritance tax. The Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, sec. 718, as amended, 72 PS §2485-718 permits testatrix to direct in her will who should bear the burden of the tax. The will of testatrix provided that "all the remainder of my estate, after the deduction of the *inheritance* taxes for the above bequests is taken out is to go to Margaret C. Anderson Folger . . ." The intent of testatrix, as gleaned from these words, is that the outright legacies in the will be exonerated from the Pennsylvania inheritance tax, thus placing the burden on the residue. The second codicil creating the trust of United States Steel stock did not contain any provisions concerning payment of the tax imposed on the trust. The Inheritance and Estate Tax Act of 1961, supra, section 718 (c), would require a trust to

pay its own tax, since the gift was not an outright legacy. Section 718 (b) dictates that as between income and principal, the tax is to be apportioned against principal. Section 14(16) of the Wills Act of April 24, 1947, P. L. 89, as amended, confirms such result.

Subject to distributions heretofore properly made, the balance for distribution is awarded as set forth under the last paragraph of the petition for adjudication.

Counsel for accountants shall file a schedule of distribution in duplicate.

The account is confirmed, and it is ordered and decreed that Margaret A. Folger and Sue M. Travis, co-executrices, as aforesaid, forthwith pay the distributions herein awarded.

And now, January 26, 1967, this adjudication is confirmed nisi.