Morell Estate.

Submitted January 10, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*James N. Diefenderfer,* for appellants.

*Robert G. Tallman,* and *Butz, Hudders & Tallman,* for First Valley Bank, appellee.

*H. P. McFadden, William G. Malkames* and *McFadden, Riskin and Huston,* for Louise Capideferro, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, April 23, 1974:

This case involves the Pennsylvania Estate Tax Apportionment Act of August 24, 1951, P. L. 1405, *as amended,* 20 Pa. S. §§3701-3705. However, that Act does not specifically address the narrow issue presented herein.

Nicholas L. Morell died testate on January 31, 1965. His will was probated before the Register of Wills of

Lehigh County on February 10, 1965, and letters testamentary were issued to the named executors.[1]

In the seventh paragraph of his will testator bequeathed his "slag wool and slag wool products and related business" to appellants, Matthew Tumminello and Albert A. Morell, and to Clycena Konrad in interests of 51%, 24.5% and 24.5% respectively. Appellants also acquired certain non-probate assets by reason of the death of the decedent. The non-probate assets which passed to Albert A. Morell were valued at $46,139.89 and the value of the non-probate assets which passed to Matthew Tumminello was fixed at $9,001.93.

On April 29, 1966, the executors filed their Federal estate tax return and paid $56,996.55 in tax to the Internal Revenue Service. On September 13, 1968, an additional $5,592.50 of Federal estate tax was paid as a result of adjustments in the marital deduction, the disallowance of certain other deductions, and the correction of an error in valuing certain stock. Shortly thereafter, the Internal Revenue Service issued a closing letter and $794.90 representing interest on the $5,592.50 was paid by the executors.

On February 21, 1973, an adjudication was filed in the Court of Common Pleas, Orphans' Court Division, of Lehigh County, confirming the executor's First and Final Account along with three supplemental accounts thereto, and directing distribution in accordance with a fourth amended statement of proposed distribution. Pursuant to the Estate Tax Apportionment Act, that statement provided for the deduction, from the funds distributable to appellants, of sums equal to the proportionate shares of Federal estate tax paid by

---

[1] O. Jacob Tallman, Esquire, and The First National Bank and Trust Company of Bethlehem were the named executors. However, Tallman died in 1967 and the corporate fiduciary, as a result of mergers and changes of name, is now First Valley Bank.

the executors by reason of the inclusion in the gross taxable estate of the value of the specific bequests and the value of the non-probate assets distributable to appellants. In addition, a 5½% per annum interest charge on those sums from April 29, 1966, the date the tax was paid, to March 31, 1971, which was thirteen days after the closing date of the third supplement to the original account, was also to be deducted.[2]

Appellants filed exceptions to the adjudication on March 8, 1973, questioning the propriety of the accountant's action of charging them with interest on the amounts due for Federal estate tax.[3] It is from the dismissal of these exceptions that this appeal was taken.

Appellees in this matter are Cathryn Morell, testator's widow, and Louise Capodiferro, testator's sister. By virtue of their interest in the residuary estate appellees stand to benefit from the reimbursement of Federal estate tax and the payment of interest thereon. It is their contention that the rule of this Court in *Constable's Estate*, 299 Pa. 509, 149 A. 743 (1930), where interest was allowed to be charged to a specific legatee on payments made by the executors for Pennsylvania inheritance taxes, is equally applicable to the case at bar.

---

[2] According to the accountant's calculations, Tumminello owes $19,678.18 in reimbursement for Federal estate tax paid on which interest in the amount of $5,058.30 was computed. Likewise, Albert Morell owes $21,035.86 in reimbursement for Federal estate tax plus $5,407.29 interest.

[3] The application of Section 3703(d) of the Estate Tax Apportionment Act, which excludes specific bequests from apportionment, would relieve appellants of their liability for the Federal estate taxes apportioned. However, since subparagraph (d) was added after the testator's death here, it is inapplicable. *In re Anderson's Estate*, 42 Pa. D. & C. 2d 287 (O. C. Montg. 1967). Accordingly, appellants have not questioned that responsibility in this appeal.

On the other hand, appellants have maintained throughout the proceedings that *Browarsky Estate,* 43 Pa. D. & C. 2d 571 (O. C. Allegheny 1967), *aff'd,* 428 Pa. 588, 236 A. 2d 522 (1968), controls the present situation and that the principles applicable to the reimbursement of Pennsylvania inheritance taxes have no applicability to Federal estate tax apportionment. In *Browarsky,* interest on the apportioned amounts of Federal estate tax was not allowed.[4]

The Orphans' Court dismissed appellants' exceptions on the basis of the following reasoning: "[I]t is undisputable that the tax obligations of the [appellants] were defrayed with money which ultimately belonged to the residuary legatees. During the time those funds were absent from the hands of the accountant, the residuary legatees were deprived of the earnings on those fund [sic]. On the other hand, the [appellants] received the benefit from the use of those funds without any liability therefor. Under these circumstances, we are of the opinion that a reasonable interest charge is wholly equitable."

After carefully considering the opposing arguments, we disagree with the court below and find that interest is not properly chargeable on the amount of Federal estate tax apportioned to the appellants on the value of the specific bequests and on the value of the nonprobate assets which they received. This Court's policy on interest charges for Pennsylvania inheritance taxes paid by the estate is inapposite.

The Pennsylvania inheritance tax is a tax on the right of succession to property. *Hoffmann Estate,* 399 Pa. 96, 160 A. 2d 237 (1960), and liability for the payment of the tax is imposed upon the transferee or

---

[4] The Orphans' Court in *Browarsky* did not elaborate on its decision. It simply stated that the Estate Tax Apportionment Act was silent with regard to such interest.

legatee by the Act of June 15, 1961, P. L. 373, Art. VII, §718, *as amended,* 72 P.S. §2485-718(c). The estate is under no duty to pay the tax; thus when it does pay the tax the legatee benefits directly. Such payment resembles a loan and since the payment is working in his favor an interest charge on the legatee is both reasonable and equitable.

On the other hand, the Federal estate tax is a tax on the transfer of property and liability for the payment of the tax is imposed directly on the estate by Section 2002 of the Federal Estate and Gift Tax Code. The Pennsylvania Estate Tax Apportionment Act operates to equalize the impact of the Federal estate tax by apportioning the tax burden among those persons with an interest in property includable in the estate. Although the ultimate impact of the tax may be passed along to the beneficiaries, when the executor pays the Federal estate tax he is fulfilling *his* duty; there is no loan feature.

In addition, as the Court noted in *Browarsky,* 43 Pa. D. & C. 2d at 599, "[t]his act is a complete system which the Pennsylvania Legislature enacted for the equitable proration of the Federal estate tax burden." We do not believe that it was simply an oversight to exclude a provision that the apportioned amounts bear interest from the date of payment of the tax. Such a consideration could reasonably be anticipated on the Legislature's behalf where they have drafted such extensive legislation. Since the Estate Tax Apportionment Act has been amended numerous times since its inception, the legislature has had ample opportunity to act on this matter. We deem it unwise for this Court to add such a provision to the Act now.

Decree reversed. Costs on the estate.