437 A.2d 1191

**In re ESTATE OF Mary BAKER, a/k/a Mary Xidas Baker, a/k/a Mary S. Baker, Deceased.**

**Appeal of COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued March 3, 1981.

Decided Dec. 17, 1981.

Vincent J. Dopko, Deputy Atty. Gen., Harrisburg, for appellant.

George W. Lamproplos, Cassidy & Lamproplos, K. Lawrence Kemp, New Kensington, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION OF THE COURT

KAUFFMAN, Justice.

The Commonwealth appeals from an order of the Orphans' Court of Westmoreland County awarding a refund to appellee, Pittsburgh National Bank ("PNB"), of an alleged overpayment of inheritance tax assessed under the Inheritance and Estate Tax Act of 1961 ("Inheritance Tax Act").[1] At issue is whether PNB, as coexecutor of the estate of Mary Baker ("decedent"), is entitled to a refund of the inheritance tax it paid on a non-testamentary joint bank account maintained by decedent and her brother on deposit with PNB at the time of her death.[2] Because PNB, as executor, had the duty to retain in the joint account sufficient funds to pay the inheritance tax undeniably due and ultimately to remit those funds to the Commonwealth, we conclude that PNB is not entitled to the refund sought. Accordingly, we reverse the order of the Orphans' Court.[3]

Decedent died testate on October 19, 1975, naming her husband and PNB as co-executors of her estate. At the time of her death, decedent and her brother maintained a joint bank account with right of survivorship on deposit at PNB. On October 28, 1975, in accordance with its duties under the Inheritance Tax Act as a depository bank, PNB duly reported decedent's death and the existence of this account to the Department of Revenue.[4] Nevertheless, PNB

1. Act of June 15, 1961, P.L. 373, Art. I, § 101 *et seq.*, 72 P.S. § 2485–101 *et seq.*

2. Decedent's husband, as co-executor of her estate, is also an appellee.

3. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, *as amended*, 42 Pa.C.S.A. § 722(3).

4. *See* 72 P.S. § 2485–742. Section 742 of the Inheritance Tax Act provides in pertinent part:
    Where money is deposited or invested in a financial institution located in Pennsylvania in the names of two or more persons . . . and one of the parties to the deposit or investment shall die, it shall be the duty of the financial institution, within ten (10) days after knowledge of the death, to notify the Department of Revenue thereof. . . .

thereafter permitted decedent's brother to withdraw the entire balance, totalling $10,339.12, without retaining funds sufficient for payment of the inheritance tax due.[5]

On December 7, 1977, the executors filed an inheritance tax return for decedent's estate and properly included therein the joint account shared with her brother.[6] After appraising the assets listed in the executors' return, the Commonwealth assessed the total inheritance tax due. Using estate funds, PNB then paid an amount sufficient to satisfy the tax attributable to the transfer of both the testamentary estate and of decedent's interest in her joint accounts. Thereafter, the executors filed their first and final account.

Mellon Bank, N.A., which had been appointed by the Orphan's Court as decedent's residuary trustee, objected to the final account and sought to surcharge the executors, *inter alia,* because (1) the inheritance taxes paid on the joint account should have been paid by the surviving joint tenant and (2) the executors failed to collect the amount of the tax due from the surviving joint tenant.[7] PNB denied that it intended to pay any tax on the joint account, and claimed that the overpayment by the estate occurred because it was necessary to make tax payments without knowing what the ultimate liability would be. PNB then appealed the Commonwealth's assessment, claiming that since the estate was not liable for the inheritance tax undeniably due on the joint account which decedent had maintained with her brother, the Commonwealth was not "rightfully or equitably enti-

---

5. Decedent's brother has ignored the executors' requests to pay the inheritance tax, and apparently is now residing in Greece.

6. Personal representatives of an estate are obligated to include in their return *all* property subject to inheritance tax of which they have knowledge, whether administered by them or not. 72 P.S. § 2485–701. Section 701(1) of the Inheritance Tax Act provides:
   The following persons shall make a return:
   (1) The personal representative of the estate of the decedent as to property of the decedent administered by him *and such additional property which is or may be subject to inheritance tax of which he shall have or acquired knowledge.... (Emphasis supplied).*

7. Mellon Bank also filed other objections which were subsequently withdrawn.

tled" under Section 901 of the Inheritance Tax Act to retain the tax paid.[8] The Orphans' Court agreed and ordered a refund of the taxes paid on the joint account.[9] The Commonwealth then commenced this appeal.

Absent a contrary intent of the decedent, the ultimate liability for payment of taxes due on extra-testamentary transfers must be borne by each transferee. 72 P.S. § 2485–718; *Morell Estate*, 455 Pa. 512, 516–17, 318 A.2d 727, 729 (1974); *Kleinhans Estate*, 454 Pa. 539, 543–45, 312 A.2d 366, 369–70 (1973).[10] Nevertheless, an executor who possesses property subject to such a tax at decedent's death is obligated to facilitate the Commonwealth's collection burden by collecting or deducting the tax due before releasing the property to the surviving joint tenant. Section 741 of the Inheritance Tax Act provides in relevant part:

> *[E]very personal representative, or other fiduciary . . . in charge of or in possession of any property, or instruments evidencing ownership thereof, the transfer of which is subject to a tax imposed by this act . . . shall deduct the tax from the property, if money, or shall collect the tax from the transferee.* Any delivery of property or instruments by such fiduciary to a transferee, except in accord-

**8.** Section 901 of the Inheritance Tax Act provides in relevant part: "A refund shall be made of any tax to which the Commonwealth is not rightfully or equitably entitled. . . ." 72 P.S. § 2485–901.

**9.** The Orphan's Court delayed taking action on Mellon Bank's objection to the executors' final account until it rendered judgment in PNB's appeal.

**10.** A joint account with right of survivorship is an extra-testamentary asset, passing in its entirety to the surviving tenants immediately upon the death of one of the joint tenants. *Onofrey v. Wolliver*, 351 Pa. 18, 21–22, 40 A.2d 35, 37 (1944). Section 241 of the Inheritance Tax Act imposes a transfer tax on this right to immediate ownership or possession upon the death of one of the co-owners:

When any property is held in the names of two or more persons, or is deposited in a financial institution in the names of two or more persons, so that, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right, upon the death of one of them, shall be deemed a transfer subject to tax under this act. . . .

72 P.S. § 2485–241.

ance with a decree of distribution of the court, *shall not relieve him of personal liability* for a tax imposed by this act. *No personal representative or other fiduciary in charge of or in possession of any property subject to this act shall be compelled to pay or deliver it to the transferee except upon payment to him of the tax due thereon. . . .* All money retained by the personal representative or other fiduciary or paid to him on account of the taxes imposed by this act, *shall be remitted by him* before the tax becomes delinquent or, if received thereafter, shall be remitted by him promptly upon its receipt.

*Id.*, § 2485–741. (Emphasis supplied)

■ When a statute is clear and unambiguous, we must read its provisions in accord with their plain meaning and common usage. 1 Pa.C.S.A. § 1903 (Supp.Pamph.1981); *Stegmaier Estate,* 424 Pa. 4, 8, 225 A.2d 566, 568 (1967); *Davis v. Sulcowe,* 416 Pa. 138, 143, 205 A.2d 89, 92 (1964). PNB thus fits squarely within the mandate of Section 741. The Inheritance Tax Act defines "fiduciary" as "an *executor,* administrator, personal representative and trustee," 72 P.S. § 2485–102(10) (emphasis supplied), and PNB clearly was *in possession* of the funds on deposit with it at the time of decedent's death.[11] That the joint account was not part of the probate estate is irrelevant. The obligations imposed upon an executor under Section 741 plainly apply to *"any* property" in the executor's possession, whether or not it is actually subject to administration by him.[12] The reporting of the existence of the account to the Commonwealth *prior*

**11.** The fact that PNB acquired these funds in its capacity as depository rather than as executor did not alter its duties under Section 741. *See Kleinhans Estate, supra,* 454 at 547, 312 A.2d at 371.

**12.** *See* Joint State Government Commission Report, Appendix and Index to the Senate and House Legislative Journal, Regular and Special Sessions of 1964. The Commission Report states that Section 741 was specifically intended to overturn the ruling in *Dowd v. Lynch,* 81 D. & C. 413 (1952). In *Dowd,* the Common Pleas Court of Luzerne County had concluded that an orphans' court surcharge of an executrix for inheritance tax allegedly due on nontestamentary property within her possession was a nullity. *See also* R. Grossman and M. Smith, Pennsylvania Inheritance and Estate Tax, § 741–2, at 73 (1971).

to any withdrawal by decedent's brother confirms that PNB as an entity *had actual knowledge* that decedent had died and that it possessed the funds deposited in the joint account at the time of her death. Thus, PNB clearly was obligated to retain sufficient funds to pay the inheritance tax and ultimately to remit the amount so retained to the Commonwealth pursuant to Section 741.

■ PNB asserts, however, that compliance with Section 741 of the Inheritance Tax Act would have constituted a violation of Section 606(a) of the Banking Code of 1965, which provides in pertinent part:

(a) An institution shall not be required, in the absence of a court order or indemnity required by this section, to recognize any claim to, or any claim of authority to exercise control over, a deposit account made by a person or persons . . . .

7 P.S. § 606(a).[13] We disagree.

Pursuant to the Statutory Construction Act of 1972, statutes in *pari materia* "shall be construed together, if possible, as one statute." 1 Pa.C.S.A. § 1932(b) (Supp.Pamph.1981).[14] Moreover, whenever there is an apparent conflict between two statutes, they must be construed, if possible, to give effect to both. *Id.*, § 1933. Mindful of these well-established principles, we conclude that Section 606(a) of the Banking Code supplements, but does not conflict with, Section 741 of the Inheritance Tax Act.

Section 606(a) does not relieve a fiduciary of the duty imposed by Section 741 to deduct, and ultimately to remit to the Commonwealth, the inheritance tax due on property within its possession. PNB in fact paid the inheritance tax due on the joint account, but used funds of decedent's estate to do so. This was clearly in error since Section 741 imposes personal liability upon the executor and not upon the es-

13. Act of Nov. 30, 1965, P.L. 847, No. 356, § 101 *et seq.*, 7 P.S. § 101 *et seq.*

14. Statutory Construction Act of 1972, P.L. 1339, No. 290, 1 Pa.C. S.A. § 1501 *et seq.* (Supp.Pamph.1981).

tate.[15] Nevertheless, the failure of PNB, as executor, to pay the tax from the proper source is irrelevant in *this* effort to obtain a refund. The Commonwealth unquestionably had the right to look to the executor for payment and is not required to investigate the source from which the executor draws its funds.[16] PNB has failed to demonstrate that the Commonwealth, which has received only the amount of tax undeniably owed, is not "rightfully or equitably entitled" to retain the tax collected. Accordingly, the refund requested should have been denied pursuant to Section 901 of the Inheritance Tax Act.

The order of the Orphans' Court is reversed.[17]

WILKINSON, J., did not participate in the consideration or decision of this case.

**15.** Section 741 specifically provides that "[a]ny delivery of property ... by such fiduciary to a transferee ... shall not relieve him of personal liability for a tax imposed by this act." 72 P.S. § 2485–741.

**16.** We note that the proceeding to surcharge the executors for improper use of estate funds to pay the inheritance tax is now pending before the Orphans' Court. *See* n.9, *supra.*

**17.** The Commonwealth also contends that the Orphans' Court was without jurisdiction to hear this appeal. Because of the conclusions we now reach, it is unnecessary for us to consider this issue.